FILED
2012 Feb-01 PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LINDA DAVIS, o/b/o J.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 11-G-2021-E |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Linda Davis, o/b/o J.L.C., brings this action on behalf of her son, J.L.C., pursuant to the provisions of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income under Title XVI of the Act.

Plaintiff filed an application for child's Supplemental Security Income benefits. Benefits were denied at the administrative level and an administrative law judge found plaintiff not to be eligible for benefits. This decision became final when the Appeals Council denied a request for review. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The definition of Child's SSI disability provides that a claimant under the age of eighteen shall be considered disabled if the claimant has a medically determinable

physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I). The regulations define the statutory standard of "marked and severe functional limitations" in terms of "listing-level severity." 20 C.F.R. §§ 416.902, 416.906, 416.924(a), 416.926a(a); See 20 C.F.R. pt. 404, subpt. P, app. 1 (the listings). The Commissioner has developed a specific sequential evaluation process for determining whether a child claimant is disabled. 20 C.F.R. § 416.924. The three-step process requires a child to show: (1) that he is not working; (2) that he has a "severe" impairment or combination of impairments; and (3) that his impairment or combination of impairments is of listing-level severity, that is, the impairments meet, medically equal, or functionally equal the severity of an impairment in the listings. 20 C.F.R. § 416.924.

If a child claimant is not working and has a severe impairment, the ALJ must determine if the child's impairments meet or medically equal an impairment listed in the listings. 20 C.F.R. § 416.924(a)-(d). If the child's impairments do not meet or medically equal a listed impairment, the ALJ must then determine if the child's impairments are functionally equivalent in severity to a listed impairment. 20 C.F.R. §§ 416.924(d), 416.926a(a). For the child's impairments to functionally equal a listed impairment, the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The

ALJ considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239. The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision. Specifically, substantial evidence supports the ALJ's decision that J.L.C. has marked limitations in the domain of attending and completing tasks,[1] but no limitations in any of the remaining five domains. Accordingly, the decision of the Commissioner must be affirmed.

---

[1] Moreover, the ALJ considered the medical evidence and testimony of J.L.C.'s mother and teacher who noted J.L.C.'s symptoms are successfully controlled when he is compliant with his prescribed medication.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 1 February 2012.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.